# ORIGINAL



RECEIVED

OCT 16 2023

PRO SE OFFICE

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK

----------------------------------------------------x

DANE WILSON

                Plaintiff,

**COMPLAINT**
Civil Action No:   **23-CV-7771**

      -against-

# MORRISON, J.
# POLLAK, M.J.

THE CITY OF NEW YORK,
THE NEW YORK CITY POLICE DEPARTMENT,
POLICE OFFICER JOHNATHAN ROBINSON, SHIELD NO.: 25901, OF THE 113TH
PRECINCT, POLICE OFFICERS JOHN DOE #1-12, (True Names Being Presently Unknown
and Fictious to Plaintiff), POLICE OFFICERS JANE DOE #1-12, (True Names Being
Presently Unknown and Fictious to Plaintiff), (All Police Officers Present During False Arrest
and Illegal Search),
THE CITY OF NEW YORK PRETRIAL
DIVERSION PROGRAM, AND
THE STATE OF NEW YORK,

              Defendants.

----------------------------------------------------x

## INTRODUCTION

1.  Dane Wilson, (hereinafter referred to as the "Plaintiff") brings forth the herein action

against the Defendants, Officer Johnathan Robinson, Shield No.: 25901, Officers John Doe

A-Z, or all police officers present during this arrest and search, The 113th Precinct, The New

York City Police Department, The City of New York, The City of New York Pretrial

Diversion Program, and The State of New York, (hereinafter referred to as the

"Defendants") for deprivation of rights under color of law, by police.

2

## NATURE OF THIS ACTION

2.    Specifically, the Plaintiff brings forth this action against the Defendants for violations of

42 U.S.C §1983, and Title 18 U.S.C. §241, and §242, and 34 U.S.C. §12601. The Plaintiff is

seeking remedies as a result of police misconduct in the form of police use of excessive force,

unreasonable search and seizure, destruction of Plaintiff's property, assault, battery, false arrest,

false imprisonment, malicious prosecution under §1983 grounded in the Fourth Amendment,

negligence and violations of the Americans with Disabilities Act.

3.    The Plaintiff seeks compensatory damages, incidental damages, consequential damages,

and penalties that include reasonable attorney fees and litigation expenses as remedies for

Defendant's violations of the Federal and State statutes outlined herein.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction over the subject matter and parties pursuant to 28

U.S.C. §1331, as this case involves questions of federal law.

5.    This Court has personal jurisdiction over the Defendants City of New York ("City"), and

NYPD because they are incorporated and/or maintain their principal place of business within

the State of New York. This Court has personal jurisdiction over the Officer Defendants

because, on information and belief, they reside in the State of New York. This Court has

personal jurisdiction over the Defendants because the events giving rise to this action occurred

in this District. 28 U.S.C. §1391 (b), 42 U.S.C. §2000e-5 (f)(3), C.P.L.R § 301.

6.    Venue in Queens County New York is proper as against Defendants City and the NYPD

pursuant to C.P.L.R § 504 (3) and C.P.L.R § 505(a) because Defendant NYPD maintains its

principal office in this county. Venue in Queens County New York is proper as against the

Officer Defendants pursuant to C.P.L.R § 502. Venue in Queens County New York is also

proper pursuant to C.P.L.R § 503 (a) because Plaintiff Dane Wilson is a resident of Queens County, and all of the events giving rise to this action occurred in Queens County within this District. 28 U.S.C. §1391 (b), 42 U.S.C. §2000e-5 (f)(3), C.P.L.R § 301.

7.    The Plaintiff has met the prerequisite to suit under New York General Municipal Law §50-e, by filing a Notice of Claim, No.:202200110075, on November 17, 2022, within 90 days of the August 29, 2022 false arrest. (See Exhibit A Notice of Claim dated November 17, 2022). (Please see Exhibit A).

PARTIES

8.    Plaintiff is a private individual residing at 170-32 130TH Avenue, Jamaica, New York 11434.

9.    Defendant City of New York ("City") is a municipal corporation authorized and existing under the laws of the State of New York, and maintains its principal office within the County of New York.

10.    Defendant ("NYPD"), is an agency of the City of New York charged with law enforcement.

11.    Police officer Johnathan Robinson, Shield No.: 25901, Tax Reg. No.:971203 of the 113th Precinct, located at 167-02 Baisley Blvd. Queens, NY 11434.

12.    Police officers John Doe #1-12, (True Names Being Presently Unknown and Fictious to Plaintiff),

13.    Police officers Jane Doe #1-12, (True Names Being Presently Unknown and Fictious to Plaintiff), and, or, (All Police Officers Present During this False Arrest and Illegal Search).

## FACTUAL ALLEGATIONS

14.    On August 29, 2022 at 6p.m., a police Criminal Complaint was filed with the Queens County Prosecutor's office and the Queens County Criminal Court, by Officer Johnathan Robinson, Shield No.: 25901, of the New York City Police Department, assigned to the 113th Precinct.

15.    Alleging that between August 24, 2022, and August 29, 2022, the Plaintiff, Dane Wilson, allegedly committed the following crimes against an alleged complainant by the name of Maryeling Sanchez-Perez, including: (1) PL 240.26 01 V Harrassment-2[nd]: Physical Contact; (2) PL 130.55 BM Sexual Abuse -3[rd]; (3) PL 130.52 01 AM Forcible Touch-Intimate Parts; (4) PL 120.14 01 AM Menacing-2[nd]: Weapon; and (5) PL 135.10 EF Unlawful Imprisonment 1st. (Please see Exhibit B).

16.    On, August 29, 2022, at or about 9 p.m., the Plaintiff was driving his vehicle, a 2017 black Honda Piot, in Queens County, New York.

17.    The police then pulled the Plaintiff over.

18.    At which time, although the Plaintiff told police that the allegations were false, and that the Plaintiff was disabled with hip replacements, and neck surgeries. The Plaintiff was forcibly pulled out of his vehicle, restrained with excessive force, and handcuffed behind his back.

19.    At which time, the Plaintiff was reinjured, exacerbating the Plaintiff's disabling condition, causing ongoing hip and neck pain, requiring medical treatment.

20.    The Plaintiff was then forcibly taken by police from his vehicle, against his will, and without his consent, to the patrol car, and brought into the 113th Precinct, New York City Police Department without any accommodation, (such as a wheelchair or cane) and placed in a

jail cell. The Plaintiff's vehicle was then impounded which eventually cost the Plaintiff $7,500, to obtain.

21.    The Plaintiff was then booked and charged with: (1) PL 240.26 01 V Harrassment-2nd: Physical Contact; (2) PL 130.55 BM Sexual Abuse -3rd; (3) PL 130.52 01 AM Forcible Touch-Intimate Parts; (4) PL 120.14 01 AM Menacing-2nd: Weapon; (5) PL 135.10 EF Unlawful Imprisonment 1st.

22.    On August 30, 2022, at 6pm., Queens County Criminal Court Judge, the Honorable Jessica G. Earle-Gargan, issued a No-Knock Search Warrant: 00700.22, to Officer Johnathan Robinson. (Please see Exhibit C).

23.    On or about August 30, 2022, at 9 p.m., complaining Officer Johnathan Robinson, and other (NYPD) police officers, forcibly entered Plaintiff's residence, and with unreasonable excessive force, proceeded to physically ransack the Plaintiff's residence, making it unlivable.

24.    Including unnecessarily breaking open the Plaintiff's front door and locked safe, although the Plaintiff provided the officers with a key to the front door, and the code to the safe door. Ultimately amounting to police misconduct in the form of excessive force.

25.    At which time, upon information and belief, the officers participated in a conspiracy of silence among the officers. To conceal the police misconduct and the identities of officers using unreasonable excessive force, denying the Plaintiff his right of access to the courts for relief. As well as, Officer Johnathan Robinson as the complaining officer failing to intervene to stop this police misconduct or destruction of property.

26.    The Plaintiff was arraigned on August 31, 2022.

27.    The Plaintiff spent 4 days in police custody without his consent and without any accommodations The Plaintiff was then detained, and was forced to participate in a Pretrial Diversion Program for seven months or from approximately September 2022, to March 2023.

28. In which, the Plaintiff, for seven months, was asked personal, humiliating, embarrassing, and discriminatory questions, by the staff, on a daily basis. That made the Plaintiff feel that he was being discriminated against, because he is a black man.

29. The mental trauma caused the Plaintiff to suffer from Post-Traumatic Stress Disorder (PTSD), requiring phycological treatment on a weekly basis.

30. On March 29, 2023, all five criminal charges filed against the Plaintiff were dismissed by the Court pursuant to a Statutory Motion to Dismiss in Furtherance of Justice (CPL 170.40), Sealed 160.50), (Please see Exhibit D).

31. Here, for the above said reasons, and police violations of Title 18 U.S.C. 241 and 242 and 34 U.S.C. 12601, the Plaintiff is seeking remedies as a result of, and including police misconduct in the form of the use of excessive force, assault, battery, false arrest, false imprisonment, malicious prosecution under §1983, grounded in the Fourth Amendment, negligence and violations of the Americans with Disabilities Act.

## (42 U.S.C §1983 AND RELATED CLAIMS)

32. Recent Supreme Court cases have established that the 11th Amendment has not totally removed the ability to sue states for their constitutional violations.

33. This is where §1983 comes into play, as it creates rights under federal law to initiate lawsuits against states and their agents.

34. 42 U.S.C §1983, is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 145 n.3, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979).

35. Section 1983 provides as follows:

Every person who, under color of law, statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . .. 42 U.S.C. 1983.

36. For claims under §1983, a Plaintiff must prove "that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the Plaintiff of a right guaranteed under the Constitution of the United States." Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

## Count One

## (Violations of the New York State Constitution Article I, §12)

37. The Plaintiff realleges the allegations set forth above.

38. Article I, §12 of the New York State Constitution protects the right to be free from "unreasonable searches and seizures. "The illegal arrest practices described above constitute an unreasonable search and seizure prohibited by the New York Constitution.

39. By sanctioning and enforcing policing practices in this manner, the City of New York intentionally and under color of law has seized, questioned, searched, arrested, transported and detained Plaintiff without the requisite probable cause that a crime for which an arrest is statutorily permitted has been committed in violation of the Constitution and the laws of the State of New York.

40. These Constitutional abuses and violations were, and are, directly and proximately caused by policies, practices and/or customs devised, implemented, enforced, promoted, encouraged and sanctioned by the City of New York, including but not limited to: (a) the failure to adequately and properly screen, train, and supervise NYPD officers; (b) the failure to properly and adequately monitor and disciple NYPD officers; and (c) the overt and tacit encouragement

8

and sanctioning of, and the failure to rectify the NYPD's unlawful arrest and excessive force practices.

41.    At all times relevant hereto, the City of New York, was and is responsible for the policy, practice, supervision, implementation, and conduct of all ("NYPD") police and all matters.

42.    Including but not limited to, the (NYPD's) 113th Precinct, located at 167-02 Baisley Blvd. Queens, NY 11434, acting as an agency, of the City of New York, by and through the New York City Police Department ("NYPD") police officers, including, but not limited to, officer Johnathan Robinson, Shield No.: 25901, Tax Reg. No.:971203, and police officers John Doe #1-12, (True Names Being Presently Unknown and Fictious to Plaintiff), and police officers Jane Doe #1-12, (True Names Being Presently Unknown and Fictious to Plaintiff), and, or, (All Police Officers Present During this False Arrest and Illegal Search).

43.    At all times relevant hereto, The City of New York, and the New York City Police Department ("NYPD"), was, and is, responsible for the appointment, training, supervision, discipline, retention and conduct of all ("NYPD") personnel including but not limited to, officer Johnathan Robinson, Shield No.: 25901, and police officers John Doe #1-12, police officers Jane Doe #1-12, and all police officers present during this false arrest and illegal search.

44.    In addition, at all times relevant hereto, The City of New York, the New York City Police Department ("NYPD") and the 113th Precinct was, and is, responsible for enforcing the rules of the ("NYPD"), and for ensuring that the ("NYPD") personnel including police officer Johnathan Robinson, Shield No.: 25901, and police officers John Doe #1-12, police officers Jane Doe #1-12, and all police officers present during this false arrest and illegal search, obey the laws of the United States, the State of New York, and the City of New York.

9

45.     At all times relevant hereto, the Officer Defendants were employees of the NYPD, and thus, the City, and were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

46.     Consequently, the City and the NYPD are liable under the doctrine of respondeat superior for the tortuous actions of the Officer Defendants. Accordingly, Plaintiff is entitled to damages as requested below.

47.     As a direct and proximate result of the acts and omissions of the Defendants, the Plaintiff has been deprived of his rights under the U.S. Constitution, the New York State Constitution and laws of the State of New York.

    **Wherefore** the Plaintiff respectfully requests an award in the amount of $1,000,000.00 plus attorney's fees, plus costs for this the first cause of action.

## Count Two

### (Police Misconduct, Excessive Force)

48.     The Plaintiff realleges the allegations set forth above.

49.     During the course of unlawfully arresting the Plaintiff, the Officer Defendants used more force than necessary to detain the Plaintiff.

50.     During the course of unlawfully arresting the Plaintiff, the Officer Defendants used an unreasonable amount of force and caused the Plaintiff unnecessary bodily injuries.

51.     During the course of unlawfully searching the Plaintiff's residence, the Officer Defendants used an unreasonable amount of force and caused the Plaintiff unnecessary property damages.

52.     At all times relevant hereto, the Officer Defendants were employees of the NYPD, and thus, the City, and were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

53.     Consequently, the City and the NYPD are liable under the doctrine of respondeat superior for the tortuous actions of the Officer Defendants. Accordingly, Plaintiff is entitled to damages as requested below.

## Count Three

### (Assault, Battery, and Destruction of Property)

54.     The Plaintiff realleges the allegations set forth above.

55.     On August 29, 2022 at 6 p.m., a police Criminal Complaint was filed against the Plaintiff.

56.     On, August 29, 2022, at or about 9 p.m., the Plaintiff was driving a 2017 black Honda Piot, in Queens County, New York. The police then pulled the Plaintiff over.

57.     At which time, although the Plaintiff told the Officer Defendants that the allegations were false, and that the Plaintiff was disabled with hip replacements and neck surgeries. The Plaintiff was forcibly pulled out of his vehicle, restrained with excessive force, and handcuffed behind his back.

58.     At which time, the Plaintiff was reinjured, exacerbating the Plaintiff's disabling condition, causing ongoing hip and neck pain, requiring medical treatment. The Plaintiff's vehicle was then impounded which eventually cost the Plaintiff $7,500, to obtain.

59.     The Plaintiff was then forcibly taken by police from his vehicle without his consent and without any accommodation (such as a wheelchair), to the patrol car, and brought into the 113th

Precinct, New York City Police Department without any accommodation, and placed in a jail cell without his consent.

60. During the course of unlawfully arresting the Plaintiff, the Officer Defendants used more force than necessary to detain the Plaintiff.

61. During the course of unlawfully arresting the Plaintiff, the Officer Defendants touched the Plaintiff without Plaintiff's consent and caused bodily injuries.

62. On August 30, 2022, at 6pm., the Queens County Criminal Court issued a No-Knock Search Warrant: 00700.22, to Officer Defendant Johnathan Robinson. (Please see Exhibit C).

63. On or about August 30, 2022, at 9 p.m., while the Plaintiff was being unlawfully detained at the 113th Precinct, complaining Officer Defendant Johnathan Robinson, and other (NYPD) police officers, forcibly entered Plaintiff's residence, with unreasonable amount of force, and proceeded to unnecessarily physically ransack the Plaintiff's residence, making it unlivable.

64. Including unnecessarily breaking open the Plaintiff's front door and locked safe, although the Officers were provided with a key to the front door, and the code to the safe door. Ultimately amounting to police misconduct in the form of excessive force.

65. During the course of unlawfully searching the Plaintiff's residence, the Officer Defendants used an unreasonable amount of force and caused the Plaintiff unnecessary property damages.

66. At which time, upon information and belief, the Officer Defendants participated in a conspiracy of silence among the officers. To conceal the police misconduct, and the identities of Officers Defendants using unreasonable excessive force to destroy Plaintiff's property, thereby denying the Plaintiff his right of access to the courts for relief. As well as, Officer

Defendant Johnathan Robinson as the complaining Officer, present at the search, failing to intervene to stop this police misconduct by other Officer Defendants, or the unnecessary destruction of Plaintiff's property.

67.     The Plaintiff was arraigned on August 31, 2022. The Plaintiff spent 4 days in police custody, without his consent and without any accommodation.

68.     On March 29, 2023, all five criminal charges against the Plaintiff were dismissed by the Court pursuant to a Statutory Motion to Dismiss in Furtherance of Justice (CPL 170.40), Sealed 160.50), (Please see Exhibit D).

69.     In seeking relief under this claim, 34 U.S.C. §12601, the law makes it unlawful for state or local law enforcement officers to engage in a patten or practice of misconduct that deprives persons of rights protected by the Constitution or laws of the United States.

70.     The elements of police misconduct/assault under 42 U.S.C. 1983 are drawn from the law of the state in which the arrest took place. See Russo v. City of Bridgeport, 479 F.3d 196, 204 (2d Cir. 2007).

71.     According to NY Penal Law section 120.0, a person is guilty of assault when (1) there is intent to cause physical injury to another person, he causes such injury to such person; or (2) he recklessly causes physical injury to another person; or (3) with criminal negligence, he causes physical injury to another person by means of a deadly weapon or dangerous instrument.

72.     Excessive force occurs when a police officer uses more force than is reasonably necessary and exceeds his or her right to gain control of a situation by mistreating suspects or members of the general public. The Fourth Amendment of the United States Constitution, as well as police department policies, protect citizens from excessive force by police.

13

73.  Here, the Plaintiff's constitutional rights were violated numerous times by these police officers under color of <u>federal, state and local law</u>.

74.  Here the Plaintiff's Fourteenth Amendment rights were violated by the police depriving the Plaintiff of "life, liberty and property" without due process of law.

75.  At all times relevant hereto, the Officer Defendants were employees of the NYPD, and thus, the City, and were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

76.  Consequently, the City and the NYPD are liable under the doctrine of respondeat superior for the tortuous actions of the Officer Defendants.  Accordingly, Plaintiff is entitled to damages as requested below.

        **Wherefore** the Plaintiff respectfully requests an award in the amount of $1,000,000.00 plus attorney's fees, plus costs for this the first cause of action.

## Count Three

### (False Arrest and False Imprisonment)

77.  The Plaintiff realleges the allegations contained in the Verified Complaint, as if fully set forth herein.

78.  The elements of false arrest under 42 U.S.C. 1983 are drawn from the law of the state in which the arrest took place. See Russo v. City of Bridgeport, 479 F.3d 196, 204 (2d Cir. 2007).

79.  Here (1) The police intended to confine the Plaintiff; (2) The Plaintiff was conscious of the confinement; (3) The Plaintiff did not consent to the confinement; and (4) The confinement was not otherwise privileged. In that, here, the arrest was not supported by probable cause, or a warrant, and therefore an unlawful arrest occurred.

80.     At which time, upon the Plaintiff being forcibly restrained and handcuffed by police, with the use of excessive force, amounting to police misconduct, Plaintiff was questioned without Miranda warnings.

81.     The Plaintiff, inform the Officer Defendants that, Plaintiff was disabled, due to multiple hip and neck surgeries, and that he could not walk without pain, because he was just re-injured by police. Proximately causing the Plaintiff bodily injury, resulting in ongoing pain and suffering, requiring medical treatment, and other pain and suffering, including emotional harm, mental disturbance, embarrassment, and humiliation.

82.     The Plaintiff was then forcibly taken from his vehicle, hand cuffed behind his back, without his consent, and without any accommodation, (such as a wheelchair), placed in a patrol car, and transported to the 113th Precinct, of the New York City Police Department.

83.     At which time, the Plaintiff was forcibly taken from the patrol car without any accommodations, (such as a wheelchair), and brought into the 113th Precinct, by the Officer Defendants, and placed in a jail cell without Plaintiff's consent.

84.     The Plaintiff was then taken by the Officer Defendants from the jail cell without any accommodation, booked, and placed back in a jail cell without his consent.

85.     The Plaintiff spent 4 days in police custody without his consent.

86.     The Plaintiff was arraigned on August 31, 2022.

87.     The Plaintiff was then detained and sent to the New York City Pretrial Diversion Program for seven months, from approximately September 2022 to March 2023, without his consent, and without any accommodation.

88.     On March 29, 2023, all five criminal charges against the Plaintiff, were dismissed by the Court, pursuant to a Statutory Motion to Dismiss in Furtherance of Justice (CPL 170.40), Sealed 160.50.

89.    At all times relevant hereto, the Officer Defendants were employees of the NYPD, and thus, the City, and were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

90.    Consequently, the City and the NYPD are liable under the doctrine of respondeat superior for the tortuous actions of the Officer Defendants. Accordingly, Plaintiff is entitled to damages as requested below.

91.    Here, for the above said reasons, including said police violations of Title 18 U.S.C. §241 and §242, and 34 U.S.C. §12601, The Americans with Disabilities Act (ADA) and Section 504, and (42 U.S.C. § 12131, et seq. and 29 U.S.C. § 794), the Plaintiff is seeking remedies as a result of, and including: police misconduct in the form of police use of excessive force, amounting to assault, battery, false arrest, false imprisonment, as well as the other causes of action claimed herein.

**Wherefore** the Plaintiff respectfully requests an award in the amount of $1,000,000.00 plus attorney's fees, plus costs for this the first cause of action.

## Count Four

## (Negligence)

92.    The Plaintiff realleges the allegations contained in the Verified Complaint, as if fully set forth herein.

93.    In New York in order to prove negligence a Plaintiff must show (1) a duty owed to the Plaintiff, (2) a breach of that duty by the Defendant, (3) causation and (4) damages.

94.    Here, (1) the Plaintiff is and was, owed a duty of care by the Officer Defendants to act reasonably, (2) the Officer Defendants breached that duty of care owed to the Plaintiff, (3) proximately causing the Plaintiff to (4) sustain damages in the form of bodily injury, resulting in ongoing pain and suffering, requiring medical treatment, and emotional and mental disturbance,

embarrassment, and humiliation, as well as, property damage, and the cost to repair Plaintiff's residence, and replace Plaintiff's destroyed property.

95.    On, August 29, 2022, at or about 9 p.m., the Plaintiff was driving in Queens County, New York. At which time the police pulled the Plaintiff over, and although the Plaintiff informed the Officer Defendants that any allegation against him was false, and that the Plaintiff was disabled with hip replacements and neck surgeries. The Plaintiff was forcibly pulled out of his vehicle, restrained with excessive force, and handcuffed behind his back.

96.    At which time, the Plaintiff was reinjured, by the arresting police Officer Defendant's negligence and or unreasonably reckless conduct, exacerbating the Plaintiff's disabling condition, causing ongoing hip and neck pain, requiring medical treatment.

97.    The Plaintiff was then forcibly taken by police from his vehicle without any accommodation (such as a wheelchair), to the patrol car, and brought into the 113th Precinct, without any accommodation, and placed in a jail cell without his consent.

98.    On August 30, 2022, at 6pm., Queens County Criminal Court issued a No-Knock Search Warrant: 00700.22, to the complaining Officer Defendant, Johnathan Robinson. (Please see Exhibit C).

99.    On or about August 30, 2022, at 9 p.m., complaining Officer Defendant Johnathan Robinson, and other (NYPD) police Officer Defendants, forcibly entered Plaintiff's residence, with unreasonable excessive force, and proceeded to physically ransack the Plaintiff's residence, making it unlivable.

100.    Including unnecessarily breaking open the Plaintiff's front door and locked safe, although the police Officers were provided with a key to the front door, and the code to the safe door. Ultimately amounting to police negligence and or unreasonably reckless conduct in the form of excessive force.

17

101. At which time, upon information and belief, the Officer Defendants participated in a conspiracy of silence among the officers. To conceal the police misconduct, and the identities of Officers Defendants using unreasonable excessive force to destroy Plaintiff's property, thereby denying the Plaintiff his right of access to the courts for relief. As well as, Officer Defendant Johnathan Robinson as the complaining Officer, present at the search, failing to intervene to stop this police misconduct by other Officer Defendants, or the unlawful and unnecessary destruction of Plaintiff's property.

102. The Plaintiff was arraigned on August 31, 2022. The Plaintiff spent 4 days in police custody, without his consent and without any accommodation.

103. On March 29, 2023, all five criminal charges against the Plaintiff were dismissed by the Court pursuant to a Statutory Motion to Dismiss in Furtherance of Justice (CPL 170.40), Sealed 160.50), (Please see Exhibit D).

104. Here, the Plaintiff's constitutional rights were violated numerous times by these police officers under color of federal, state and local law.

105. Here the Plaintiff's Fourteenth Amendment rights were violated by the police depriving the Plaintiff of "life, liberty and property" without due process of law.

106. Here (1) the Defendant police touched Plaintiff, and caused the Plaintiff to be touched with the intent to harm or offend Plaintiff, (2) Plaintiff did not consent to the touching, (3) Plaintiff was harmed and offended by Defendant's contact, and, (4) a reasonable person in Plaintiff's position would have been offended by the touching.

107. At all times relevant hereto, the Officer Defendants were employees of the NYPD, and thus, the City, and were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

108.    Consequently, the City and the NYPD are liable under the doctrine of respondeat superior for the tortuous actions of the Officer Defendants. Accordingly, Plaintiff is entitled to damages as requested below.

   **Wherefore** the Plaintiff respectfully requests an award in the amount of $1,000,000.00 plus attorney's fees, plus costs for this the first cause of action.

## Count Five

### (Police Violations of Title VII of The Civil Rights Act 1964 (Title VII); and Section 504 of The Rehabilitation Act of 1973; and Title II of The American with Disabilities Act of 1990)

109.    The Plaintiff realleges the allegations contained in the Verified Complaint, as if fully set forth herein.

110.    The Americans with Disabilities Act (ADA) and Section 504 prohibit discrimination against individuals on the basis of disability. (42 U.S.C. § 12131, et seq. and 29 U.S.C. § 794).

111.    These laws protect all people with disabilities in the United States. An individual is considered to have a "disability" if he or she has a physical or mental impairment that substantially limits one or more major life activities, has a record of such an impairment, or is regarded as having such an impairment.

112.    These laws prohibit discriminatory treatment, including misconduct, on the basis of disability in virtually all law enforcement services and activities.

113.    These activities include, among others, interrogating witnesses, providing emergency services, enforcing laws, addressing citizen complaints, and arresting, booking, and holding suspects.

114.    Citizens whose civil rights have been violated under Title II of the Americans with Disabilities Act of 1990 and Section 504 of the Rehabilitation Act of 1973 have the right to file a police misconduct lawsuit.

115.    On August 29, 2022 at 6p.m., a police Criminal Complaint was filed against the Plaintiff, by Officer Johnathan Robinson, Shield No.: 25901, of the (NYPD), assigned to the 113th Precinct of the (NYPD).

116.    On August 29, 2022 at 9 p.m., police pulled the Plaintiff over while driving his vehicle.

117.    And although the Plaintiff informed the police that Plaintiff was disabled with hip replacements and neck surgeries, the Officer Defendants forcibly pulled Plaintiff out of his vehicle, and forcibly restrained and handcuffed the Plaintiff behind his back, with excessive force.

118.    Of which, excessive force exacerbated the Plaintiff's disabling condition, and injured the Plaintiff, causing ongoing hip and neck pain, requiring medical treatment.

119.    The Plaintiff was then forcibly taken from his vehicle, to the patrol car, and brought into the 113th Precinct, New York City Police Department by police, without any accommodations (such as a wheelchair or a cane) and placed in a jail cell.

120.    The Plaintiff was then taken from the jail cell, booked, and returned to the cell without any accommodations, (such as a wheelchair).

121.    The Plaintiff spent 4 days in police custody without his consent and without any accommodations.

122.    The Plaintiff was arraigned on August 31, 2022.

123.    The Plaintiff was then detained without his consent and without any accommodations, and forced to participate in the New York City Pretrial Diversion Program for seven months or from approximately September 2022 to March 2023.

124. In which, the Plaintiff, for seven months was asked personal, humiliating, embarrassing, and discriminating questions, by the staff, on a daily basis. That made the Plaintiff feel that he was being humiliated and discriminated against because he is a black man.

125. The mental trauma caused the Plaintiff to suffer from Post-Traumatic Stress Disorder (PTSD), requiring psychological treatment on a weekly basis.

126. On March 29, 2023, all five criminal charges against the Plaintiff, were dismissed by the Court, pursuant to a Statutory Motion to Dismiss in Furtherance of Justice (CPL 170.40), Sealed 160.50).

127. Here, for the above said reasons, including said Officer Defendant's violations of Title 18 U.S.C. §241 and §242, and 34 U.S.C. §12601, violations of The Americans with Disabilities Act (ADA), Section 504, and (42 U.S.C. § 12131, et seq. and 29 U.S.C. § 794), the Plaintiff is seeking remedies as a result of, and including: police misconduct in the form of police violations of The Americans with Disabilities Act (ADA) (Failure to Accommodate), and Section 504 and (42 U.S.C. § 12131, et seq. and 29 U.S.C. § 794), use of excessive force, amounting to assault, battery, false arrest, false imprisonment, malicious prosecution under §1983 grounded in the Fourth Amendment, as well as negligence, illegal destruction of property and vehicle seizure resulting in forfeiture.

128 At all times relevant hereto, the Officer Defendants and all employees of the New York City Pretrial Diversion Program, were employees of the NYPD, and thus, the City, and were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

129. Consequently, the City and the NYPD are liable under the doctrine of respondeat superior for the tortuous actions of the Officer Defendants. Accordingly, Plaintiff is entitled to damages as requested below.

**Wherefore** the Plaintiff respectfully requests an award in the amount of $1,000,000.00 plus attorney's fees, plus costs for this the first cause of action.

## REQUEST FOR RELIEF

130. On the first, second, third, and fourth claims for relief, Plaintiff respectfully requests that the Honorable court award judgment to the Plaintiff in the amount of one million dollars ($1,000,000.00), plus, incidental and consequential damages, plus attorney fees, costs of suit, disbursements, related litigation expenses actually incurred, and any such further relief as the court may deem just, equitable and proper;

## BENCH TRIAL DEMAND

131. Plaintiff hereby demands a Bench Trial within this entitled action.

Dated:
Mineola, New York

Dane Wilson
170-32 130TH Avenue
Jamaica, New York 11434.
(347) 925-7955

22