UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Dane Wilson,<br><br>                Plaintiff,<br><br>      v.<br><br>The City of New York, The New York City Police Department, Police Officer Johnathan Robinson, Shield No. 25901 of the 113th Precinct, Police Officers John Doe 1-12, Police Officers Jane Doe 1-12, The City of New York Pretrial Diversion Program, and The State of New York,<br><br>                Defendants. | <u>MEMORANDUM AND ORDER</u><br><br>No. 23-cv-7771 (NRM) (CLP) |

**NINA R. MORRISON**, United States District Judge:

On October 16, 2023, Plaintiff Dane Wilson, proceeding *pro se*, filed this action against Defendants pursuant to 42 U.S.C. § 1983, 18 U.S.C. §§ 241 and 242,[1] and 34 U.S.C. § 12601.[2]  Compl., ECF No. 1.  By Order dated October 26, 2023, the Court

---

[1] 18 U.S.C. §§ 241 and 242, both criminal statutes, do not provide a private right of action.  *Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994); *Sheehy v. Brown,* 335 F. App'x 102, 104 (2d Cir. 2009) (summary order) ("[C]laims based on the violation of federal criminal statutes, such as 18 U.S.C. §§ 241–242, . . . are not cognizable, as federal criminal statutes do not provide private causes of action."); *Lodrini v. Sebelius,* No. 14-cv-3137, 2014 WL 2446073, at *4 (E.D.N.Y. May 29, 2014) (18 U.S.C. §§ 241 and 242 do not provide a private cause of action); *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86–87 (2d Cir. 1972) ("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not . . . by private complaints.").

[2] 34 U.S.C. § 12601 is not applicable and also does not provide a private right of action.  *See* 34 U.S.C. § 12601(b) ("[T]he Attorney General, for or in the name of the

1

denied Plaintiff's application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) with leave to amend. Order Denying IFP, ECF No. 4. On November 13, 2023, Plaintiff filed an amended IFP application. Am. Mot. for IFP, ECF No. 5. The Court grants Plaintiff's amended IFP application pursuant to 28 U.S.C. § 1915(a).

As set forth below, the complaint is dismissed as to the New York City Police Department, the City of New York Pretrial Diversion Program, and the State of New York. The complaint may proceed at this time as to the City of New York, Police Officer Johnathan Robinson and the Jane and John Doe Police Officers once they are identified.

The Clerk of Court shall issue a summons as to the City of New York and Police Officer Johnathan Robinson of the 113th Police Precinct, and the United States Marshals Service shall serve the City of New York and Police Officer Robinson without prepayment of fees.

## BACKGROUND

Plaintiff alleges that on August 29, 2022, he was "forcibly pulled out of his vehicle, restrained with excessive force" and taken to the 113th Police Precinct, where he was "booked and charged." Compl. at 4–5.[3] Plaintiff alleges that he sustained injuries during the arrest and that his vehicle was impounded. *Id.* Plaintiff further

---

United States, may in a civil action obtain appropriate equitable and declaratory relief."); *Ming v. Brouillete*, No. 6:23-cv-0086, 2023 WL 5779558 at *4 (N.D.N.Y. Apr. 7, 2023).

[3] The Court refers to the page numbers assigned by the Court's Electronic Case Filing ("ECF") system.

alleges that Officer Robinson and other police officers entered his home pursuant to a "No-Knock Search Warrant" and caused significant damage to his residence and destroyed his property. *Id.* at 5.[4] Plaintiff "was arraigned on August 31, 2022," and was "forced to participate in a Pretrial Diversion Program for seven months." *Id.* at 5. "On March 29, 2023, all five criminal charges filed against Plaintiff were dismissed by the Court." *Id.* at 6.[5] Plaintiff seeks $1 million in damages. *Id.* at 21.

## STANDARD OF REVIEW

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," a court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted). However, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In addition, 28 U.S.C. § 1915(e)(2)(B) requires a district court to dismiss a case filed *in forma pauperis* if the court

---

[4] Plaintiff references an Exhibit C, but it was not included. *See* Compl. at 5.

[5] Plaintiff references an Exhibit D, but it was not included. *See* Compl. at 6

determines that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

### A. New York City Police Department and City of New York Pretrial Diversion Program

Plaintiff sues the New York City Police Department ("NYPD") and the City of New York Pretrial Diversion Program (the "Pretrial Diversion Program"). Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter Ch. 17, § 396. Courts have relied on that provision to conclude that "the NYPD is a non-suable agency of the City." *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Iosilevich v. City of New York*, No. 22-cv-3714, 2023 WL 3231597, at *2 (E.D.N.Y. May 3, 2023). Therefore, Plaintiff's complaint cannot proceed against the NYPD and Plaintiff's claims against the NYPD are dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

Moreover, because Plaintiff's complaint states that "[a]t all times relevant hereto, . . . all employees of the New York City Pretrial Diversion Program, were employees of the NYPD, and thus, the City," Compl. at 20, the Court construes Plaintiff's claims against the Pretrial Diversion Program as claims against the NYPD. Accordingly, for the same reason that Plaintiff's claims against the NYPD

4

cannot survive, Plaintiff's claims against the Pretrial Diversion Program are dismissed.

### B. State of New York

Plaintiff also sues the State of New York. "The Eleventh Amendment bars a damages action in federal court against a state and its officials when acting in their official capacity unless the state has waived its sovereign immunity or Congress has abrogated it." *Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Scis.*, 804 F.3d 178, 193 (2d Cir. 2015). It is well-settled that New York has not waived its sovereign immunity in federal court from suits for damages. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 39–40 (2d Cir. 1977) (holding that Section 8 of the New York Court of Claims Act is not a waiver of sovereign immunity from suit for damages in federal court). Nor has Congress abrogated states' sovereign immunity for claims brought under 42 U.S.C. § 1983. *See Quern v. Jordan*, 440 U.S. 332, 342–43 (1979); *Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990); *Malek v. Unified Court System*, No. 22-cv-5416, 2023 WL 2429528, at *12 (E.D.N.Y. Mar. 9, 2023). Therefore, Plaintiff's complaint cannot proceed against the State of New York, and it is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

### C. Identifying Remaining Defendants

At this juncture, Plaintiff has stated sufficient facts to proceed on his claims against the remaining Defendants. However, the United States Marshals Service will not be able to serve the individuals identified as Police Officers John Doe #1-12 and Police Officers Jane Doe #1-12, all employed by the NYPD, without further

identifying information. Accordingly, the Court hereby requests the Corporation Counsel for the City of New York to ascertain the full names of these Defendants. *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (per curiam).

The Court also requests that the Corporation Counsel provide the addresses where these Defendants can currently be served. The information should be provided to the Court within 45 days from the date of this Order. Once these Defendants have been identified, Plaintiff's complaint shall be deemed amended to reflect the full names of these Defendants, a summons shall issue, and the Court shall direct service by the United States Marshals Service on these Defendants without prepayment of fees.

## CONCLUSION

Accordingly, the complaint, filed *in forma pauperis*, is dismissed as to the NYPD, the Pretrial Diversion Program, and the State of New York pursuant to 28 U.S.C. § 1915(e)(2)(B). No summons shall issue against these Defendants and the Clerk shall terminate these Defendants from the case. The complaint shall proceed as to the remaining Defendants.

The Clerk of Court shall issue a summons as to the City of New York and Police Officer Johnathan Robinson of the 113th Police Precinct and the United States Marshals Service shall serve the City of New York and Police Officer Robinson without prepayment of fees.

The case is referred to the Honorable Cheryl L. Pollak, United States Magistrate Judge, for pretrial supervision.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Order to the *pro se* Plaintiff and also to the Corporation Counsel for the City of New York, Special Federal Litigation Division, and to note the mailing on the docket.

SO ORDERED.

                                                                */s/ NRM*
                                                           NINA R. MORRISON
                                                           United States District Judge

Dated:       March 26, 2024
                Brooklyn, New York